UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Patrick J. Seidling,**

    **Plaintiff,**

v.

**Michael Hummel, M.D. and
St. Paul Radiology, P.A.,**

    **Defendants**.

Civil No. 10-CV-675 (SRN/JJG)

**MEMORANDUM
OPINION AND ORDER**

———————————————————————————————————

Reed K. Mackenzie, Mackenzie & Dornik, 150 5th Street South, Suite 2500, Minneapolis, Minnesota 55402, for Plaintiff.

Cecilie M. Loidolt and Jennifer M. Waterworth, Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, Minnesota 55402, for Defendants.

———————————————————————————————————

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on Defendants' Motion in Limine to Preclude Evidence of Plaintiff's Wife's Death [Doc. No. 53] and Defendants' Motion in Limine to Preclude Inadmissible Hearsay [Doc. No. 49].

    In its Motion in Limine to Preclude Evidence of Plaintiff's Wife's Death, Defendant seeks to exclude such evidence, particularly evidence that Mrs. Seidling died from metastasized lung cancer. Defendant argues that this evidence is irrelevant under Fed. R. Evid. 402, and, even if considered relevant, the probative value of the evidence is outweighed by the danger of unfair prejudice. Plaintiff notes that because Mrs. Seidling was present for many of Plaintiff's medical appointments and procedures, her name is found throughout the record. Moreover, Plaintiff's

decision to treat at the Mayo Clinic was a result of the fact that his wife was treating there for her cancer. Plaintiff therefore contends that precluding references to her death will result in prejudice to him, leaving the jury to speculate about Mrs. Seidling's absence at trial.

The Court finds that the fact of Plaintiff's wife's death is relevant to the context this case. She was present at many of Plaintiff's medical appointments and procedures, as reflected in numerous proposed trial exhibits. Plaintiff's wife also participated in conversations with Plaintiff and his providers, including the Defendant Dr. Hummel. In addition, evidence in the record shows that Plaintiff sought treatment at the Mayo Clinic because that is where his wife was being treated. Further, while Defendants will likely argue that a contributing factor in Mr. Seidling's medical problems was smoking, Plaintiff argues that he resumed smoking due to stresses in his life, including his wife's death. For the jury to have no explanation as to why the late Mrs. Seidling is not present at trial would be confusing and prejudicial to Plaintiff.

The Court will therefore permit the parties to offer evidence acknowledging that Plaintiff's wife died in 2009, without witness testimony regarding the specific type of cancer that caused her death. To the extent that trial exhibits reference Mrs. Seidling's lung cancer, they need not be redacted. The Court will also permit evidence that Plaintiff sought treatment at the Mayo Clinic in light of his wife's treatment there, and that stresses in his life, including his wife's death, played a role in the resumption of Plaintiff's smoking. As to Defendant's concerns about evoking sympathy in the jury, the Court notes that in the parties' stipulated jury instructions, the jury will be instructed to decide the facts from the evidence, not personal sympathy. (See Joint Proposed Jury Instr. No. 3 [Doc. No. 68].) For all of these reasons, Defendant's motion is therefore denied in part and granted in part.

Defendant also moves to preclude hearsay evidence regarding conversations that Plaintiff's wife had with Plaintiff and/or his providers regarding Plaintiff's care and treatment. Defendant argues that any such testimony constitutes inadmissible hearsay under Fed. R. Evid. 802.  The Court denies without prejudice Defendants' motion as to this evidence.  Depending on the nature of the questions at issue and the type of response sought to be elicited, Defendants may renew their objections at trial.

**THEREFORE, IT IS HEREBY ORDERED THAT**

1. Defendants' Motion in Limine to Preclude Inadmissible Hearsay [Doc. No. 49] is **DENIED without prejudice**;  and

2. Defendants' Motion in Limine to Preclude Evidence of Plaintiff's Wife's Death [Doc. No. 53] is **GRANTED in part** and **DENIED in part**.


Dated:   April 27, 2012                             s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge