UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Patrick J. Seidling,** | Civil No. 10-CV-675 (SRN/JJG) |
| **Plaintiff,** | |
| | **MEMORANDUM**<br>**OPINION AND ORDER** |
| v. | |
| **Michael Hummel, M.D. and**<br>**St. Paul Radiology, P.A.,** | |
| **Defendants**. | |

_____

Reed K. Mackenzie, Mackenzie & Dornik, 150 5th Street South, Suite 2500, Minneapolis, Minnesota 55402, for Plaintiff.

Cecilie M. Loidolt and Jennifer M. Waterworth, Meagher & Geer, PLLP, 33 South 6th Street, Suite 4400, Minneapolis, Minnesota 55402, for Defendants.
_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motion in Support of an Additional Jury Instruction on Pre-Existing Condition [Doc. No. 82]. Also before the Court are Defendants' Proposed Special Verdict Form [Doc. No. 59] and Plaintiff's Proposed Special Verdict Form [Doc. No. 67].

      **A.**     **Defendants' Requested Additional Instruction on Aggravation of a Pre-existing Condition**

A federal district court has broad discretion in formulating jury instructions. Vaughn v. Ruoff, 304 F.3d 793, 795 (8th Cir. 2002); Klisch v. Meritcare Medical Group, Inc., 134 F.3d 1356, 1358 (8th Cir. 1998). As to a jury instruction on the aggravation of a pre-existing

condition, Minnesota's Civil Jury Instruction Guide provides:

> A person who has a pre-existing disability or medical condition at the time of an accident is entitled to damages for aggravation of that pre-existing disability or condition directly caused by the [defendant's negligence].
>
> Damages are limited to those that are over and above the damages that would have normally followed from the pre-existing disability or medical condition with the [defendant's negligence].

MN CIVJIG 91.40 (5th ed. 2011).

Defendants argue that they are entitled to this jury instruction, because they will proffer expert testimony in this case that Plaintiff's complications "were not the result of any care and treatment provided by the defendants, but were instead the result of Plaintiff's pre-existing peripheral vascular disease, and Plaintiff's failure to manage his risk factors for his preexisting peripheral vascular disease (e.g., diabetes, high blood pressure, high cholesterol, and smoking)." (Defs' Mem. Supp. Mot. Add Jury Instr. at 3 [Doc. No. 84].)  Plaintiff, however, argues that there is no issue in this case concerning the aggravation of a pre-existing condition.  Instead, Mr. Seidling maintains that Dr. Hummel's negligence was the cause of the injury for which he seeks damages.

It is well-settled that a party is entitled to a jury instruction on its theory of a claim or defense, where competent evidence supports that theory, and the instruction is properly requested.  <u>Vanskike v. ACF Indus., Inc.</u>, 665 F.2d 188, 205-06 (8th Cir. 1981).  In general, Minnesota trial courts give a jury instruction on aggravation of a pre-existing condition in cases where the plaintiff has a pre-existing condition or disability and there is evidence that the condition or disability was aggravated by the defendant's fault.  In such cases, the defendant is obligated to compensate the plaintiff "for the aggravation, but not for the preexisting injury or

2

condition." Rowe v. Munye, 702 N.W.2d 729, 741 (Minn. 2002).  However, the "Use Note" to Minnesota CIVJIG 91.40 indicates that "[t]his instruction should not be used where there is no issue concerning aggravation of a preexisting disability or condition."  MN CIVJIG 91.40 (citing Morlock v. St. Paul Guardian Ins. Co., 650 N.W.2d 154, 160-61 (Minn. 2002)).

In Morlock, the Minnesota Supreme Court held that where neither party argues that there are any aggravated damages, there is no basis for the court to give a jury instruction on the aggravation of a pre-existing condition.  650 N.W.2d at 160.   Specifically, in Morlock, the plaintiff sought damages for back injuries that he alleged were caused by a 1996 car accident.  The defendant insurance company maintained that the plaintiff's damages were due to the degeneration of the plaintiff's back, which, the defendant alleged, was related to a 1957 injury.  At trial, the district court instructed the jury on aggravation of a pre-existing condition based on MN CIVJIG 91.40.  Id. at 155.  The jury returned a special verdict awarding over $600,000 in damages to the plaintiff and his wife.

The Minnesota Supreme Court found that, under the facts of the case, the jury instruction on aggravation of a pre-existing condition was given in error:

> We start by recognizing that neither appellants nor respondent argued that there were any aggravation damages; appellants argued that all of the damages they were seeking were solely the result of the 1996 accident and respondent argued that all of the damages being sought for any problems after appellant's surgery and recovery period were solely the result of his preexisting conditions or disabilities. In other words, neither party argued that appellants were entitled to any damages for any aggravation of any preexisting condition. Therefore, there was no basis for the district court to give an aggravation instruction.

Id. at 160.

Here, the Court finds that the parties' theories, as demonstrated by the evidence submitted and proposed, is very similar to that in Morlock – Plaintiff argues that the injuries for

3

which he seeks damages are solely attributable to Defendants' negligence, while Defendants argue that the injuries for which Plaintiff seeks damages are solely attributable to Plaintiff's pre-existing peripheral vascular disease and his failure to manage his risk factors with respect to that disease. This is not a case in which the plaintiff has a pre-existing condition that is aggravated by the defendant's alleged negligence. Accordingly, because the parties' theories of the case and the evidence and proffered evidence do not warrant an instruction on aggravation of a pre-existing condition, Defendants' Motion is denied.

      **B.**    **Special Verdict Form**

As to the first two questions proposed by the parties on their respective proposed verdict forms, the parties have no disagreement. These two questions ask the jury to determine negligence and causation and are modeled on the section of the Minnesota Civil Jury Instruction Guide regarding special verdict forms in cases of medical malpractice. This section provides that jurors should first be asked if the defendant was negligent in providing care and treatment of the plaintiff. MN CIVSVF 80.90. If the jurors answer "yes" to the first question, they must then answer "yes or no," as to whether the defendant's negligence in providing that care was a direct cause of harm or injury to the plaintiff. Id. As the parties' proposed language is substantially similar and in conformity with the model language, the Court will adopt the language proposed by Plaintiff.

The parties disagree about whether the special verdict form in this case should require the jury to assign a damages amount regardless of whether the jury affirmatively finds that the elements of negligence and causation are met. Plaintiff argues that the jury should only be asked to determine a damages amount if the elements of negligence and causation are affirmatively

met.  Defendants argue that the jury should be required to provide a damages calculation,

regardless of whether negligence and causation are found.   In addition, Defendants argue that

the jury should not be permitted to calculate damages for Plaintiff's future lost earning capacity,

as Plaintiff did not submit proof of future lost earning capacity related to the injury at issue here.

    **1.**    **Damages Calculation**

  As noted, the Minnesota Civil Jury Instruction Guide contemplates that jurors in medical

malpractice trials are to first address questions concerning negligence and causation.  MN

CIVSVF 80.90.  The model special verdict form then provides, "[List damages question(s)

appropriate to the case involved.]" Id.  As to damages in a medical malpractice case, regardless

of how the jury answers the first two questions, this Court is advised that it is typically the

practice in Minnesota to then require the jury to identify an amount of damages that will

compensate the plaintiff for his or her injuries.  Defendants propose that the Court adhere to the

practice of requiring the jury to provide a damages figure, regardless of their findings on

negligence and causation.  Plaintiff, however, requests that the special verdict form indicate that

the jury need only provide a damages figure if the answers to the first two questions on

negligence and liability are affirmative.  Specifically, Plaintiff's Proposed Special Verdict Form

states: "If you answer 'yes' to question 2 [on causation], then answer questions 3 and 4 [on

damages]."  (Pl's Proposed Special Verdict Form [Doc. No. 67].)

  One commonly-understood rationale for requiring the jury to assign a damages figure, as

noted by Defendants' counsel, is that if any issues in the trial are subsequently appealed, there

may be no reason to re-try the issue of damages.[1]  On the other hand, one argument advanced in support of Plaintiff's approach is that it minimizes the likelihood of juror confusion and possible inconsistency in the instructions and the special verdict form itself.  The "Use Note" to Minnesota CIVSVF 80.90 expressly contemplates that courts in medical malpractice cases may choose to instruct the jury not to answer the damages questions where negligence and causation are not found:

> Some courts choose to instruct the jury to not answer the damages questions if there was a finding of no negligence or causation. An appropriate instruction in this situation would read: "If you answered no to questions 1 or 2, do not answer the following questions. Stop here. Your verdict is complete." One rationale for not requiring answers to the damages questions in cases of no liability is that the plaintiff in a medical malpractice case, unlike the standard personal injury plaintiff, typically suffers from some injurious disease or condition before the tortious conduct occurs. Requiring the jury to answer the damages questions creates a risk of a perverse verdict.

MN CIVSVF 80.90 (citing Fehling v. Levitan, 382 N.W.2d 901 (Minn. Ct. App. 1986), rev. denied (Minn. April 24, 1986)).

In Fehling, 382 N.W.2d at 904, this issue arose in a wrongful death medical malpractice case in which the jury found that the defendants were negligent, but that their negligence was not a direct cause of the plaintiff's death.  The jury assessed damages at $1 million.  The Minnesota Court of Appeals found that the oral instructions on damages were not consistent.  The jury was told several times to determine damages from pecuniary loss and was also told that damages were limited to pecuniary loss attributable to negligent conduct.  During deliberations,

---

[1] In response to inquiry from the Court as to any additional rationale for requiring the jury to assess damages when the jury finds no negligence or causation, defense counsel identified one additional benefit.  Counsel noted that a jury's damages assessment is helpful to other practitioners in evaluating damages in similar cases.

> [t]he jurors were obviously confused because they asked the trial court during deliberations, "If answers to Questions 2 and 4 [the causation questions] are no, is the answer to Question No. 6 [damages] automatically zero?" The judge instructed them to answer the damages question, and the verdict was returned within an hour.

Id. at 905.

The Minnesota Court of Appeals held that while the instructions may have been inconsistent, "the jury's answers to the special verdict form [were] not." Id. at 906.  The court noted that the form asked whether the defendants were negligent, and what amount would compensate them for the plaintiff's death.  Therefore, in affirming the verdict, the court found that even assuming an inconsistency in the oral instructions, the verdict could be reconciled on the theory that the jury disregarded the inconsistent instructions and relied on the instructions that were consistent with the special verdict form. Id.

In Estate of Hegarty ex rel. Hegarty v. Beauchaine, 727 N.W.2d 857, 877- 883 (Wis. App. 2006), the Wisconsin Court of Appeals addressed this issue, and recognizing the potential for inconsistent verdicts resulting from inconsistent instructions, found that it was within the trial court's discretion to instruct the jury to answer the damages questions only if it affirmatively answered the negligence and causation questions.  This Court finds the reasoning of that opinion persuasive:

> As the Hegartys point out, our supreme court has held that it is not error to instruct the jury to answer questions on damages only if the jury affirmatively answered questions on causation. See Chopin v. Badger Paper Co., 53 N.W. 452 (1892), Banderob v. Wisconsin Central Railway Co., 113 N.W. 738 (1907). Thus, even though the usual practice is to instruct juries to answer questions about damages regardless of how they answered the questions of cause, it was not error to frame the special verdict in the fashion the court did in this case. We further agree with the Hegartys that, given that this is a medical malpractice case, deviation from the standard practice was proper because the jury was also instructed to award damages only for injuries sustained as a result of the care and

>treatment rendered by the alleged wrongdoer. Thus, to ask the jury to award damages regardless of whether it found the care to be negligent, would have been inconsistent with the other jury instructions and could have led to an inconsistent verdict, had the jury not found negligence but nonetheless gone on to award damages.

Id. at 878.

For much the same reason as expressed by the Wisconsin court in Estate of Hegarty, and to avoid the potential for juror confusion, as demonstrated in the Fehling decision, the Court, in its discretion, adopts the language following Question No. 2 in Plaintiff's Proposed Special Verdict Form [Doc. No. 67], which requires the jury to provide a damages figure only if they have affirmatively found negligence and causation.  While Plaintiff and Defendants have both identified sound reasons in support of their respective positions, on balance, the Court finds that the risk of juror confusion and a perverse verdict outweighs the benefits of any future efficiencies in the event of appeal and the possible use of a damages assessment in this case as a benchmark to other practitioners, in other cases.   The instruction proposed by Plaintiff will help ensure consistency in the Court's instructions and ward against the possibility of confusion to the jury.

### 2. Damages for Future Lost Earning Capacity

As to Defendants' argument that the special verdict form should contain no entry for lost future earning capacity, the Court agrees.  The evidence in the record shows that Plaintiff lost his job as a truck driver because he was no longer permitted to work in that capacity if he used insulin.  Because the evidence shows that Plaintiff's future lost earning capacity is not related to the injuries at issue in this case, but, rather to Plaintiff's diabetes, the special verdict form will not ask the jury to assess damages for future lost earning capacity.

In conclusion, the Court will draft a Special Verdict Form that adopts Plaintiff's Proposed Special Verdict Form [Doc. No. 67], with the exception of language regarding the calculation of damages for future lost earning capacity. Damages for future lost earning capacity will not be permitted, as the evidence does not support any such award.

**THEREFORE, IT IS HEREBY ORDERED THAT**

Defendants' Motion in Support of an Additional Jury Instruction on Pre-Existing Condition [Doc. No. 82] is **DENIED**.

Dated: May 3, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge